IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HAROLD GLENN SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-0013 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner HAROLD GLENN SMITH has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 challenging various adverse parole decisions by the Texas Board of Pardons and Paroles (the "Parole Board"). For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

Petitioner is a state prisoner incarcerated in the Clements Unit of the Texas Department of Criminal Justice – Correctional Institutions Division pursuant to a life sentence assessed by a jury upon his 1986 conviction for murder with a deadly weapon out of Harris County, Texas. *See State v. Smith*, No. 448,121. Petitioner does not challenge his underlying conviction in this proceeding, rather, as noted above, petitioner challenges decisions by the Parole Board that have resulted in the denial of his early release to parole.[1] It appears the Parole Board last denied petitioner early release to parole on

---

[1] According to petitioner, he was denied parole in or about 2005, 2009, and 2015.

April 8, 2015 for the following reasons:

> 2D NATURE OF OFFENSE - The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; or the record indicates use of a weapon.
>
> 7D TIME SERVED - The record indicates that length of time served by the inmate is not congruent with offense severity and criminal history.

The Parole Board set petitioner's next parole review date for March 2020.

By his federal habeas application, petitioner seeks "immediate release from confinement" and a determination that his life sentence is "concluded" or "discharged," arguing he is entitled to such relief because the Parole Board's decisions denying him early release to parole violate petitioner's right to due process and equal protection of the law, and amount to violations of the Ex Post Facto Clause of the United States Constitution. Although not entirely clear, petitioner appears to argue that not only has he served the necessary calendar time to be eligible for release to parole, he has also "earned" the "privilege of parole" by meeting additional requirements set forth in his prison-issued Individual Treatment Plan, and that denying petitioner early release from his life sentence to parole thus violates due process. Petitioner also appears to argue that a co-conspirator's release to parole at or near when the co-conspirator became parole eligible, when petitioner was not similarly released at or near his parole eligible date, was a violation of equal protection because the Parole Board did not equally and fairly review the co-conspirators for early release. Lastly, petitioner appears to argue the Parole Board is retroactively applying new laws and policies in violation of the Ex Post Facto Clause in denying petitioner parole. Petitioner asserts he raised these claims in state court by challenging the adverse parole decisions through state habeas corpus proceedings.

## CLAIMS ARE TIME BARRED

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a

habeas corpus petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As petitioner does not challenge his underlying conviction but, instead, challenges the Parole Board's adverse parole decisions, the start of the limitation period in this case is determined by the date petitioner could have discovered the factual predicate of his claims. *See* 28 U.S.C. § 2244(d)(1)(D).[2] Petitioner could have discovered his challenges to the adverse parole decisions when the decisions denying petitioner parole were handed down by the Parole Board. Challenges, if any, to petitioner's first and second parole denials, *i.e.*, those in 2005 and in or about 2009, are clearly barred by the 1-year limitation period. As to the last parole denial on April 8, 2015, the Court notes petitioner filed a state habeas corpus petition on November 6, 2015 (presumably raising the grounds asserted herein),

---

[2] The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C).

thereby statutorily tolling the 1-year limitation with regard to this last parole denial. However, the petition was denied without written order on February 27, 2016 and the instant federal habeas petition was not filed until January 19, 2017, long after the expiration of the 1-year limitation period after allowing for statutory tolling from November 6, 2015 to February 27, 2016 for the pendency of the state habeas proceeding. Consequently, petitioner's challenge to the April 8, 2015 adverse parole decision is also time barred.

## CLAIMS DO NOT HAVE MERIT

Petitioner argues he was denied early release from confinement in prison to serve the remainder of his life sentence on parole without due process. "Parole," as opposed to mandatory supervised release, is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6). Parole in Texas is wholly discretionary.

Prison inmates are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n. 10 (1987) (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). Thus, the Due Process Clause does not include a right to parole.

The Fifth Circuit has repeatedly recognized the absence of a due process right to parole holding the Texas parole statutes create no constitutional right to release on parole because there is no right to expectancy of early release. *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release but, rather, creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991). As a result, it is well settled that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Absent a protected liberty interest in being paroled, petitioner cannot show he was denied parole in violation of the Due Process Clause. Petitioner's argument that he has some how "earned the privilege of parole" under his Individual Treatment Plan and therefore, presumably, has some form of protected liberty interest in being release to parole, is unsupported by case law and is conclusory. Petitioner is not entitled to federal habeas corpus relief for any purported constitutional violations of the Due Process Clause.

Likewise, petitioner is not entitled to federal habeas corpus relief for alleged violations of the Equal Protection Clause. It appears the only basis for petitioner's claim that he has been denied equal protection is that denying petitioner parole while granting it to a co-conspirator[3] was a violation of the constitutional guarantee of equal protection. Again, petitioner seeks immediate release from confinement as relief for this perceived constitutional violation.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall

---

[3] Co-conspirator Martin Wayne Tosh pled guilty to the charge of murder and received a 20-year sentence in TDCJ-CID. *State v. Tosh*, No. 438,108

"deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). This "promise that no person shall be denied the equal protection of the laws," however, co-exists "with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Romer v. Evans*, 517 U.S. 620, 116 S.Ct. 1620, 1627, 134 L.Ed.2d 855 (1996) (citations omitted). Thus, "a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect." *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970). Rather, as long as they do not burden a fundamental right or target a suspect class, "state agencies may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes." *Stern v. Tarrant County Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir.1985) (en banc ), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986). "[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action – even if irrational – does not deny them equal protection of the laws." *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir.1988) (citation omitted). Thus, when confronted with a state action which does not so classify or distinguish, the Court need not consider whether there is a "rational basis" for that action because such state actions are not subject to Equal Protection scrutiny. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996), *citing Brennan*, 834 F.2d at 1257. A party who wishes to make out an Equal Protection claim must prove "the existence of purposeful discrimination" motivating the state action which caused the complained-of injury. *McCleskey v. Kemp*, 481 U.S. 279, 292-93, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987) (citation omitted); *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-66, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977); *Davis*, 426 U.S. at 238-40, 96 S.Ct. at

2047. "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995), *quoting United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992).

Here, not only has petitioner failed to demonstrate the complained of action by the state Parole Board, *i.e.*, the denial of his release to parole, burdened a fundamental right, petitioner fails to show he is similarly situated to his co-conspirator (Tosh), that he is a member of a discoverable, identifiable protected or suspect class or group, or that the denial was made with a discriminatory purpose. Simply put, petitioner has not demonstrated the Parole Board's actions are even subject to equal protection scrutiny, much less that the denial of parole was not made on a rational basis and was violative of equal protection safeguards. Petitioner's claims of violations of the Equal Protection Clause are without merit and do not afford him federal habeas corpus relief.

Petitioner is also not entitled to federal habeas corpus relief for his alleged constitutional violations of the Ex Post Facto Clause. Petitioner argues the Parole Board's use of the "time served" reason as one of the reasons for denying him parole shows the Board is applying new laws and policies retroactively in violation of the prohibition against ex post facto laws. Petitioner again argues he has "earned the privilege of parole" by meeting the requirements of his Individual Treatment Plan and should have been granted parole when he became eligible for parole. Although unclear, it appears petitioner is arguing that the Board's determination that the length of time he has served toward his life sentence "is not congruent with" the severity of his offense and criminal history is, in some way, indicative that the Parole Board is applying a new law or policy to him retroactively. The only law or policy petitioner references is the change in the parole eligibility law which went into effect after his conviction. Again, petitioner seeks immediate release from confinement as relief for this perceived

constitutional violation.

Petitioner became eligible for parole on September 10, 2009 when his actual calendar time served equaled 1/3 of his maximum sentence or 20 years, whichever was less. Petitioner is, and will remain, eligible for parole. Tex. R. Crim. Proc. art. 42.18 § 8(b)(3) (1985). Any subsequent change in the parole eligibility laws have not affected or been applied to petitioner. Petitioner has not identified any specific new law or policy that has been applied to him retroactively to increase his punishment beyond the life sentence he was assessed as a result of his murder conviction, nor has he otherwise demonstrated any type of ex post facto violation has occurred by the Parole Board denying petitioner parole. The listed reasons for the Parole Board denying favorable parole action is not evidence of the retroactive application of new law or policy. Again, petitioner's claim that he has "earned the privilege of parole" is unsupported by authority and conclusory and fails to demonstrate any semblance of an ex post facto violation. Any claim that petitioner has a right to parole and such right has been denied ex post facto is without merit. There has never been a right to parole, only a limited right to mandatory supervised release, a privilege to which petitioner is not eligible due to the nature of his offense. Petitioner has not demonstrated any ex post facto violation and is not entitled to federal habeas corpus relief.

## CIVIL RIGHTS

Petitioner also appears to argue the Parole Board setting off petitioner's parole reviews for 4- and 5-year terms rather than 1-year terms is a denial of due process. Petitioner fails to demonstrate the existence of a liberty interest in any particular period or length of set off to invoke the protections of the due process clause, the existence of any other constitutional violation, or the

requisite harm for habeas corpus relief. Because it is entirely speculative whether a prisoner will be released on parole, "there is no constitutional expectancy of parole in Texas." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Any delay in petitioner's consideration for parole simply cannot support a constitutional claim for habeas corpus relief because petitioner cannot show more frequent parole review would have resulted in his release to parole.

If, in fact, petitioner is complaining of the time set off until his next review for release to parole, such a claim appears to concern the conditions of petitioner's confinement and is thus more appropriate for a civil rights complaint under 42 U.S.C. § 1983 rather than in a habeas action. *See Cook v. Texas Dep't of Criminal Justice*, 37 F.3d 166, 168 (5th Cir. 1994). Although any such claim may be more appropriately *raised* in a section 1983 lawsuit, <u>it is questionable whether any relief for a violation of civil rights would be appropriate or could be granted by the Court on such a claim</u>. Even so, if petitioner wishes to file a section 1983 action, he shall utilize the form civil rights complaint adopted by the Northern District of Texas and pay the appropriate filing fee for a Civil Rights proceeding. Petitioner is instructed that filing such a claim in an appropriate action does not entitle him to relief.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner HAROLD GLENN SMITH be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of March 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).